# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

ANDY LARIJANI,       Case No. 13-11163-RGM

     (Chapter 13)

     Debtor.

## MEMORANDUM OPINION AND ORDER

THIS CASE is before the court on the debtor's Motion to Vacate Order Dismissing Case (Docket Entry 18). The debtor requested an extension of time within which to obtain credit counseling services because a foreclosure was scheduled for the day after he filed his bankruptcy petition. The court set a hearing on the request. The debtor failed to appear at the hearing; the motion was denied; and the case was dismissed. The debtor now seeks reconsideration of the dismissal of his case asserting that he thought that the hearing was on the following day. Upon consideration of the papers filed in this case and the four prior cases filed by the debtor and his spouse, the motion will be denied.

A temporary waiver of the credit counseling requirement may be granted in exigent circumstances. 11 U.S.C. §109(h). Generally, there must be an immediate need to file a petition in bankruptcy and an inability to obtain credit counseling before filing. An imminent foreclosure may constitute an exigent circumstance. The court is aware that debtors generally know that they are behind in their mortgage, that the lender has threatened foreclosure, that the foreclosure date has been set and that this information would seem to give debtors sufficient time within which to obtain the prepetition credit counseling required by statute. The court is also aware that debtors typically seek funds from other sources to satisfy their obligation and explore other options to resolve the

1

problem. Bankruptcy is one of the last options and, by the time that the debtor has exhausted other avenues and makes the decision to file bankruptcy, there may be insufficient time to obtain the required credit counseling. In those circumstances, a temporary waiver of the credit counseling requirement – effectively, an extension of time – may be appropriate. This is not such a case.

This is the fifth case that the debtor or his spouse[1] filed within 22 months. The first case was filed by Nasim Tabriz on May 2, 2011, Case No. 11-13262-SSM. Ms. Tabriz scheduled two lenders secured by the real property, the first trust dated December 6, 2004 with a then-current balance of $541,834 and the second trust dated June 2005 with a then-current balance of $75,753.09. The second trust is identified as Ms. Tabriz' sole obligation and is a lien on the jointly owned real estate. No rent or mortgage payment was included on her Schedule J. Her net disposable income was $22.20. Ms. Tabriz was represented by counsel and all schedules and statements were timely filed. The lender secured by the first trust filed a motion for relief from the automatic stay asserting that the mortgage was in arrears for ten months, since August 1, 2010. Ms. Tabriz consented to granting relief from the automatic stay. The chapter 7 trustee filed a no asset report. Ms. Tabriz was granted a chapter 7 discharge on August 15, 2011.

The second case was filed by the debtor on September 20, 2011, Case No. 11-16856-RGM. It was also a chapter 7 case and the debtor was represented by the same attorney as represented Ms. Tabriz in her case. Although Ms. Tabriz scheduled two creditors secured by the home, the debtor only scheduled the first trust holder. He scheduled the amount due as $549,573, with a property

---

[1] The debtors in the two cases are not identified as husband and wife in the court's files. The debtor's spouse filed both of her petitions in her name, Nasim Tabriz, but also disclosed that she was also known as Nasim Larijani. They live at the same address. They listed the same real property and the same secured lenders. The first deed of trust does not recite the marital status of the two grantors, Abdolhosain Larijani and Nasim Tabriz. Ms. Tabriz' occupations on the their respective Schedules I are the same.

value of $465,400. He showed no income on Schedule I except $1,100 a month identified as a "family stipend from Iran." He did not schedule a mortgage or rent payment on Schedule J. He showed a net disposable income from both his and his spouse's income of $561.33. The first trust holder filed a motion for relief from the automatic stay. It asserted that the mortgage was in default for 15 months. The debtor consented to relief from the stay. The trustee filed a no asset report. The debtor was granted a chapter 7 discharge on January 4, 2011.

The third case was filed by the debtor on January 5, 2012, Case No. 12-10079-BFK. It was a chapter 13 case. Neither the debtor nor Ms. Tabriz was represented by counsel in this or the subsequent two cases. The debtor filed a copy of his certificate of counseling which he had used in his prior case. The counseling was timely taken and was appropriated filed in this case. The only creditor was his mortgage company. He did not file all necessary documents and the case was dismissed on February 21, 2012.

The fourth case was filed by Ms. Tabriz on November 15, 2012, Case No. 12-16806-RGM. She asked for an extension of time within which to obtain credit counseling stating that the filing was an emergency because a foreclosure was scheduled on her home for the following day. She also filed a motion for an extension of time to file her schedules. On December 17, 2012, she filed a motion asking that the case be dismissed. Her motion was granted and the case was dismissed on January 16, 2013. She never filed her schedules, Statement of Financial Affairs or chapter 13 plan.

This is the fifth case, the third filed by the debtor. It was filed on March 14, 2013. The debtor did not take the required credit counseling prior to filing his petition in this case. He requested an extension of time within which to obtain credit counseling, asserting that his house was scheduled to be sold at a foreclosure sale later that day. The motion was set for a hearing on

3

March 27, 2013. He did not appear at the hearing. Within hours after the order dismissing the case was entered, he requested that the order dismissing the case be vacated. Although he acknowledged receiving the notice of the hearing, he asserted that he confused the date of the hearing with the date his schedules and chapter 13 plan were due. He did not file his schedules or his chapter 13 plan within the time period required and asked for an extension to do so. The extension was granted. The new due date was March 28, 2013. To date, neither the schedules nor the chapter 13 plan have been filed.

There is no doubt that the debtor was aware of the credit counseling requirement. He filed two previous cases and had completed the credit counseling for the first one in which he was represented by counsel. The second one in which he represented himself, he filed the same certificate as in the first case showing that he had satisfied the requirement. In addition Ms. Tabriz also completed her credit counseling requirement.

The debtor was well aware of the pendency of the foreclosure on his property. This was not the first foreclosure that had been scheduled. Under state law, the lender is required to give notice of the foreclosure. The debtor had at least 14 days notice of the intended foreclosure. Given his knowledge of the credit counseling requirement and the time that he had within which to satisfy the requirement, the court does not believe that there are exigent circumstances that merit a temporary waiver of the credit counseling requirement. The pendency of a foreclosure is one factor, but in this case, not a sufficient factor to rise to the level of exigent circumstances.

The court notes that although the debtor has had an opportunity to obtain the credit counseling post-petition, he has not done so nor has he filed his schedules and chapter 13 plan. The sole creditor appears to be the lender secured by his home.

The schedules in the debtor's first case and those in Ms. Tabriz' cases show that there is no equity in the property. It is significantly over encumbered. In the debtor's first petition, he reported that the mortgage company was owed $549,573. He valued his property at $465,400. He did not include the second trust which is also a lien on the property. He will not be able to stip-off the second trust.[2] The debtor was unemployed when he filed his first case and was receiving assistance from his family of $1,100 a month. His spouse was working and earning $1,083.33 per month. No mortgage payment was included in any filed Schedule I. The first case was filed in September, 2011. The Statement of Financial Affairs stated that the joint income from 2009 was $12,372 and for 2010 was $19,367. There is no indication of any change in this situation. Given the size of the two mortgage payments, it is clear that the debtor, even with the assistance of his spouse, could not afford, at that time, the regular payments on the mortgage, much less any cure payments.

In these circumstances it appears that pursuing a chapter 13 case will be futile. There is insufficient income to service the mortgages and cure the arrearage. The debtor in this case cannot strip-off the second trust. There is no equity in the house. In light of the apparent futility of pursuing this case and the debtor's failure to attend the hearing where he would have had the opportunity to expand upon his circumstances, the court will not vacate the dismissal or grant an extension of time within which to file his schedules, his Statement of Financial Affairs and his chapter 13 plan.

The case will be dismissed without prejudice. The provisions of 11 U.S.C. §362(c) provide sufficient relief to the creditor. The debtor is admonished that §362(c)(3) provides that if the debtor files another case, either individually or jointly with his spouse, and if one prior case was pending

---

[2]The debtor will not be able to avoid the second trust in this case because Ms.Tabriz is not before the court. She is a joint grantor of the deed of trust and, apparently, the sole obligor.

5

in the previous year and was dismissed, the automatic stay will automatically terminate 30 days after the new case is filed unless extended by the court within the 30-day period. The debtor is further admonished that §362(c)(4) provides that if the debtor files another case, either individually or jointly with his spouse, and two or more cases were pending within the previous year but were dismissed, the automatic stay will not go into effect unless he obtains an order directing it to go into effect within 30 days after the case is filed. The debtor is further admonished that in the case of abuse the court may order that no stay become effective against particular property for a period of two years. These provisions apply equally to Ms. Tabriz.

If either the debtor or Ms. Tabriz file another petition in bankruptcy, the court will expect the credit counseling to have been completed prior to the filing of the petition and all schedules, the Statement of Financial Affairs and a chapter 13 plan be filed together with the petition and that the debtor or debtors be ready to go forward. If they are not prepared to go forward, it is likely that a new case will be dismissed with prejudice. Upon consideration of which, it is

ORDERED that the debtor's Motion to Vacate Order Dismissing Case (Docket Entry 18) and the Motion to Extend Time to File Chapter 13 Plan (Docket Entry 20) are denied.

Alexandria, Virginia
April 3, 2013

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Thomas P. Gorman

Copy mailed to:

Andy Larijani
25783 Donegal Drive
South Riding, Virginia 20152

18425